IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2020

## LINDA SUE BROWN (HASSLER) v. RIDLEY DAVID HASSLER

**Appeal from the Probate Court for Cumberland County
No. 2016-PF-5294   Larry Michael Warner, Judge**

_____

### No. E2019-01801-COA-R3-CV

_____

This appeal concerns the responsibilities of the parties, pursuant to the terms of their marital dissolution agreement, following their divorce.  Appellant's ex-wife filed a petition for contempt, contending that Appellant had failed to refinance a debt allegedly owed on a condominium he was awarded in the divorce.  Although the trial court did not find Appellant to be in contempt, it did order Appellant to refinance the loan in question and remove his ex-wife's name from it.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Randal R. Boston, Crossville, Tennessee, for the appellant, Ridley David Hassler.

Kevin R. Bryant, Crossville, Tennessee, for the appellee, Linda Sue Brown (Hassler).

### MEMORANDUM OPINION[1]

On June 26, 2017, Linda Sue Brown (Hassler) ("Appellee")[2] and Ridley David

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Hassler ("Appellant") were divorced pursuant to a final decree entered by the Probate and Family Court for Cumberland County ("the trial court"). In addition to decreeing that the bonds of matrimony between the parties were "forever and perpetually dissolved," the trial court incorporated by reference a marital dissolution agreement ("MDA") that had been agreed upon by the parties. As is relevant to this appeal, the MDA provided as follows:

> The parties have agreed that the Husband shall receive the Condominium located in Destin, Florida. The Husband shall assume and pay any and all outstanding indebtedness due and owing on said condominium and shall hold the Wife harmless from payment of same. The Husband agrees to refinance said property to remove the Wife's name. The Wife shall be divested of any and all right, title and interest in the above listed property and shall execute a QuitClaim Deed(s) to the Husband.

The present dispute arose when Appellee filed a post-divorce Petition for Contempt on May 23, 2019. Appellee's petition quoted from the aforementioned section of the MDA and alleged that Appellant had "failed to refinance and remove the Wife's name from said loan." The specific charge against Appellant, therefore, was that he had failed to refinance indebtedness allegedly due and owing on the Florida condominium.

A hearing was held on August 22, 2019, and the following month, on September 10, 2019, the trial court entered an order adjudicating Appellee's Petition for Contempt. While the trial court did not find Appellant to be in contempt, it did order him to refinance a particular bank loan, unrelated to the condominium, and to remove Wife's name from it. This appeal followed.

Through this appeal, Appellant challenges the trial court's decision to order him to refinance the indebtedness discussed in the September 10, 2019 order. Having reviewed the record presented to us, we agree with Appellant that the trial court's decision was in error. The order appealed from here is rather sparse, but ostensibly, it is based on an understanding that the loan at issue involves debt owing on the Florida condominium. Indeed, in Appellee's precipitating Petition for Contempt, she had charged Appellant as having failed to comply with the MDA's requirement that he "assume and pay any and all outstanding indebtedness due and owing on [the] condominium." Although Appellee's brief argues that "[t]he trial court in this instance did nothing but direct the . . . Appellant to do that which had already been agreed," we cannot endorse this proposition.

As a preliminary aside, we observe that there was not any proof presented to the

---

[2] Pursuant to the terms of the final decree of divorce, Appellee's name was restored to "Linda Sue Brown."

trial court upon which it could have made any findings about Appellant's actions in this case. While the parties disagree that the loan at issue was "indebtedness due and owing" on the condominium, no proof was offered on the matter. From our review of the transcript, the August 22, 2019 hearing consisted entirely of argument of counsel.[3] It is well settled that "statements of counsel are not evidence or a substitute for testimony." *Metro. Gov't of Nashville & Davidson Cty. v. Shacklett*, 554 S.W.2d 601, 605 (Tenn. 1977).

As it is, even accepting the arguments of counsel, it is clear to us that the trial court erred in ordering Appellant to refinance the subject loan. According to the arguments adduced at the hearing, the referenced loan does not, in fact, correspond to indebtedness on Appellant's condominium, and therefore, the court was not simply directing Appellant to do what he had already been obligated to do under the MDA. Indeed, whereas the MDA required Appellant to "refinance [the Florida condominium] to remove the Wife's name" and assume all indebtedness on that property, the debt discussed in the trial court's September 10, 2019 order was *not* on the condominium. Appellee's counsel discussed in the course of the hearing that the debt at issue was secured by a "house at Hatler Road." Moreover, it was expressly acknowledged by Appellee's counsel that the "condo is not encumbered." Inasmuch as the MDA only required Appellant to refinance indebtedness on the Florida condominium, the trial court's order was in error and is hereby reversed.

_____
ARNOLD B. GOLDIN, JUDGE

---

[3] Of note, at the opening of the hearing on the petition for contempt, counsel for Appellee stated that "I don't know that you need to hear a lot of proof."